UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-14489-CIV-MARTINEZ/MAYNARD

**E.S. LLC**,

    Plaintiff,

v.

**ZURICH AMERICAN INSURANCE COMPANY**,

    Defendant.

_____/

## ORDER ON DEFENDANT'S SECOND MOTION TO COMPEL PROPER ANSWERS TO INTERROGATORIES 1, 8, 9, AND 12, AND SUPPORTING MEMORANDUM OF LAW ("MOTION TO COMPEL") (DE 49)

**THIS CAUSE** is before me upon the above referenced Motion to Compel filed on June 7, 2022. Plaintiff E.S. LLC ("E.S. LLC") filed a Response on June 12, 2022. DE 50. Defendant Zurich American Insurance Company ("Zurich") filed a Reply on June 23, 2022. DE 58. Having reviewed the Motion to Compel, the Response, the Reply, and the record in this case, and being otherwise duly advised, the Motion to Compel is **GRANTED IN PART AND DENIED IN PART** as detailed herein.

E.S. LLC alleges that Zurich breached an insurance contract pertaining to E.S. LLC's Port St. Lucie Rehabilitation Center ("Facility"). DE 19; DE 49 at 22, ¶1. Specifically, E.S. LLC contends that, on or about November 25, 2020, it suffered covered losses and damages caused by water discharge from a broken drain, and Zurich failed to make payment for its losses. DE 19 at ¶¶11, 20. E.S. LLC attaches to its Complaint an estimate of damages totaling $467,159.92.[1] DE 19 at ¶14; DE 19-3 at 24. E.S. LLC also attaches to its Complaint Zurich's letter, dated April 19,

---

[1] The estimate notes a loss date of November 22, 2020, and it reflects that People's Insurance Claim Center prepared the estimate using a May 2021 price list. DE 19-3 at 2.

2021, denying payment of the claim on the basis that replacement cost did not exceed the insurance policy's $25,000 deductible. DE 19-2 at 2; DE 19 at ¶13.

The pending discovery dispute pertains to Zurich's First Request for Interrogatories, which Zurich propounded on E.S. LLC on February 14, 2022, with responses due on March 16, 2022. DE 49 at ¶2. Zurich extended the deadline for responses at the request of E.S. LLC. *Id.* at ¶3. On March 23, 2022, E.S. LLC served answers to the interrogatories ("Original Answers"). DE 49 at 6-13. The Original Answers were verified by Mr. Eli Strohli on behalf of E.S. LLC. *Id.* at 13. Because the Original Answers were incomplete, Zurich filed a motion to compel (DE 33), which I granted on May 3, 2022, ordering E.S. LLC to serve amended responses by May 13, 2022. DE 37. E.S. LLC served unverified amended answers on May 15, 2022 ("First Amended Answers"). DE 49 at 21.

Zurich raised concerns about the First Amended Answers at a Discovery Status Conference held on May 31, 2022. DE 60; DE 49 at ¶7. Specifically, I heard Zurich's *ore tenus* motion to compel better responses. DE 60. Zurich first argued that the First Amended Answers were insufficient because they were unverified, so E.S. LLC was not swearing under oath as to what happened to cause the damage, the amount of the damage and how much it cost to repair the damage. *Id.* Zurich also argued that E.S. LLC failed to answer basic questions about damages and that E.S. LLC frequently answered "see deposition testimony" rather than answering the interrogatories to plainly state the facts pertaining to the cause of the damage, the amount of the damage, and the cost of repairs by meaningful category. *Id.* Zurich further argued that E.S. LLC was unable to even state who was aware of what happened to cause the damage. *Id.*

E.S. LLC's counsel[2] exhibited a lack of understanding at the Discovery Status Conference regarding the requirements for responding to interrogatories under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 33. For example, E.S. LLC's counsel responded to Zurich's complaints by stating that the best person to answer questions about what happened to cause the damage was Mr. Alberto Barata, the Facility operator, because he handled repair of the damage. *Id.* Despite acknowledging that Mr. Barata was not E.S. LLC's corporate representative, counsel argued that Zurich had already deposed Mr. Barata and that Mr. Barata's deposition spoke for itself as to the information Zurich was seeking. *Id.* In response to my inquiry, counsel for E.S. LLC advised that Mr. Eli Strohli was designated as E.S. LLC's corporate representative and further stated that Mr. Strohli was the 99% owner of E.S. LLC and its managing member. *Id.* Counsel also argued that E.S. LLC *had* provided the amount of the damages to Zurich via an estimate of damages completed by E.S. LLC's public adjuster. *Id.* I instructed E.S. LLC's counsel that E.S. LLC was required to provide the actual damages and repair costs. *Id.* I also explained that E.S. LLC had an obligation to answer the interrogatories, verify the answers and provide the verified answers to Zurich. *Id.* I then provided E.S. LLC an opportunity to serve amended answers, if any, by June 6, 2022. DE 45. I also ordered that boilerplate objections and general objections contained in E.S. LLC's answers were stricken. *Id.* In addition, I ordered that, following E.S. LLC's opportunity to amend, Zurich could file a motion to compel, if necessary, by June 10, 2022. *Id.* I provided E.S. LLC a deadline of June 17, 2022, to respond in the event Zurich filed another motion to compel. *Id.*

---

[2] Subject counsel, on July 6, 2022, filed an unopposed motion to withdraw. DE 59.

On June 6, 2022, E.S. LLC filed an unopposed request for a one-day extension to amend its responses to Zurich's discovery requests,[3] which I granted. DE 46; DE 48. E.S. LLC served its responses to the interrogatories ("Second Amended Answers"), on June 9, 2022, which responses were verified by Mr. Strohli. DE 49 at 37-42.

On June 10, 2022, Zurich filed the subject Motion to Compel arguing that E.S. LLC's Second Amended Answers were still inadequate. DE 49. Zurich limited the Motion to Compel to four interrogatories: numbers 1, 8, 9, and 12. *Id.* at 1. Zurich contends that proper responses to these interrogatories are essential to supporting E.S. LLC's claim for breach of contract and the specific amount that E.S. LLC alleges Zurich owes in damages. *Id.* at 4 (citing *Porto Venezia Condo. Ass'n, Inc. v. WP Fort Lauderdale, LLC*, No. 11-60665-CIV, 2012 WL 7635868 (S.D. Fla. Aug. 13, 2012) ("Basic information pertaining to damage calculations is relevant and is information that [a plaintiff] should be able to provide.")). In its Motion to Compel, Zurich seeks an order requiring E.S. LLC to provide proper answers. DE 49 at 4.

E.S. LLC responds to the Motion to Compel by arguing that its majority owner, Mr. Strohli, who answered the interrogatories at issue on behalf of E.S. LLC, is a chief executive officer who lacks personal knowledge with which to provide the answers Zurich seeks. DE 50 at 4-5. E.S. LLC also argues, among other things, that because Mr. Strohli "lacks firsthand knowledge," Zurich's Motion to Compel constitutes harassment of Mr. Strohli. *Id.* at 5. I first address the sufficiency of E.S. LLC' interrogatory responses and then address the need for sanctions in this matter.

**A. Failure to Answer Interrogatories**

---

[3] In her motion, counsel for E.S. represented that she had advised the Court at the Discovery Status Conference that the due date set for amending the response, June 6, 2022, was a Jewish holiday. DE 46. In granting E.S.'s motion for extension, I noted that counsel had not advised that the response deadline was a holiday. DE 48. A review of the transcript confirms there were no statements at the hearing regarding any conflicting holiday. DE 60.

Fed. R. Civ. P. 33, which governs interrogatories to parties, provides that the scope of interrogatories is governed by Fed. R. Civ. P. 26(b). Fed. R. Civ. P. 33(a)(2) ("An interrogatory may relate to any matter that may be inquired into under Rule 26(b)."). Therefore, interrogatories may seek information that is related to "any non-privileged matter relevant to a claim or defense and proportional to the needs of the case." *Demarzo v. Healthcare Tr. of Am., Inc.*, No. 20-61693-CIV, 2021 WL 6693755, at *1 (S.D. Fla. Apr. 7, 2021) (citing Fed. R. Civ. P. 26(b)(1)). Furthermore, "service of interrogatories to [a] corporation obliges the corporation to 'appoint an agent who could . . . furnish such requested information as was available to the corporation.'" *Fed. Trade Comm'n v. Lexium Int'l LLC*, No. 2:17-CV-30-FTM-29CM, 2017 WL 2664360, at *9 (M.D. Fla. June 1, 2017), *report and recommendation adopted*, No. 2:17-CV-30-FTM-29CM, 2017 WL 2655107 (M.D. Fla. June 20, 2017). Indeed, "Federal Rule 33 expressly [provides for] a party representative of a corporate party to verify the corporation's answers with personal knowledge of every response by 'furnishing such information as is available to the party.'" *Jiminez-Carillo v. Autopart Int'l, Inc.*, 285 F.R.D. 668, 670 (S.D. Fla. 2012) (quoting Fed. R. Civ. P. 33 and collecting cases). *See also* Fed. R. Civ. P. 33(b)(1)(B) (stating that a corporation's "officer or agent . . . must furnish the information available to the party").

Here, E.S. LLC fails to fulfill its duty to have its corporate representative, Mr. Strohli, respond fully to the subject interrogatories based upon "information available to the party," which in this case is E.S. LLC, not Mr. Strohli personally. Fed. R. Civ. P. 33(b)(1)(B). E.S. LLC does not argue, nor do I find, that the subject interrogatories seek information that is beyond the scope of what is allowed under the Federal Rules of Civil Procedure. Indeed, Zurich seeks information pertaining to damages, which form the underpinnings of E.S. LLC's claim. Therefore, the subject interrogatories are relevant and proportional. Furthermore, as detailed below, the answers E.S.

LLC has provided to the interrogatories at issue – which include the Original Answers (DE 49 at 6-13), the First Amended Answers (DE 49 at 21-27), and the Second Amended Answers (DE 49 at 37-42) – are insufficient.

As to Interrogatory No. 1, Zurich seeks facts regarding the breach of contract that E.S. LLC alleges and specifically seeks dates regarding Zurich's actions or inactions. Interrogatory No. 1 and E.S. LLC's answers are shown below:

| **Interrogatory No. 1** | **Answer** |
| --- | --- |
| State when and how Zurich allegedly breached the insurance policy, Policy No. ZMD 9819667-06 effective May 1, 2020, to May 1, 2021 ("the Policy"). Please include the date of those actions or inactions of Zurich that allegedly constituted breach, as well as identify the specific policy provisions and obligations allegedly breached. (DE 49 at 9, 23, 38). | Original. Plaintiff defers to their legal counsel for all legal interpretations of the subject insurance Policy. Plaintiff relies upon their Amended Complaint, as the same speaks for itself. (DE 49 at 9). |
| | 1st Amended: Plaintiff and Defendant entered to the terms of the subject insurance Policy on or around May 1, 2020. Plaintiff has coverage for plumbing access to damaged plumbing which are not excluded within Policy exclusions. Plaintiff has coverage for ensuing damages which are not excluded within Policy exclusions. Based upon the subject Policy and Florida Statute, Plaintiff experienced covered damages and losses. While Defendant opened coverage in the present matter, such coverage was limited to an amount below Plaintiff's deductible and therefore did not indemnify the Plaintiff for their loss as governed by the terms of the subject insurance Policy. (DE 49 at 23). |
| | 2nd Amended: Plaintiff defers to his legal counsel for interpretation of the Policy. To Plaintiff's best recollection and knowledge, the subject Property (7300 Oleander Avenue, Port St. Lucie, Florida 34952), suffered a plumbing loss which caused |

|  | disruption within the Property amongst the patients and Property employees. Thereafter, he was made aware that an insurance claim was pursued and the impasse between the Parties has resulted in this subject litigation. Those individuals identified in Interrogatory No. 2, assisted with the day-to-day aspects of the loss and resulting insurance claim. (DE 49 at 38). |
|---|---|

E.S. LLC's various responses only partially answer the Interrogatory. Specifically, E.S. LLC fails to include dates of any actions or inactions by Zurich that constituted the alleged breach. E.S. LLC should answer with dates that apply to the actions or inactions it alleges Zurich took in addressing its claim. E.S. LLC should be able to ascertain from individuals within its organization or from its own records when such events occurred and who from Zurich was involved. As to E.S. LLC's contention that it leaves policy interpretation to its counsel, I find that it is justified in opposing the identification of specific policy provisions that Zurich breached.

With respect to Interrogatory No. 8, Zurich seeks to verify if the $467,159.92 estimate (the "$467K Figure") of damages that E.S. LLC attached to its Complaint (DE 19-3) serves as the basis for damages relating to its breach of contract claim. If not, Zurich seeks specific information pertaining to other bases for damages, including the author of any estimates, the date of such estimates, and the amount of such estimates. Interrogatory No. 8 and E.S. LLC's answers are shown below:

| **Interrogatory No. 8** | **Answer** |
|---|---|
| Is the estimated cost to repair damages of $467,159.92 the basis for your breach of contract damages claim in this suit? If not, please describe any other bases for which you contend indemnity is owed arising from this loss, including the date and | <u>Original</u>. Plaintiff defers to their PA, in accordance with the above General Objections. Plaintiff's estimate was generated by their PA at the time noted on the estimate. Plaintiff reserves their right to supplement pursuant to the above-referenced General Objections. (DE 49 at 11). |

| | |
|---|---|
| author of any supporting estimate or document and the specific amount.  (DE 49 at 11, 25, 40). | |
| | <u>1st Amended</u>:  Plaintiff's Complaint in the present matter was lodged with their Public Adjuster's estimate being the primary measurement of damages and amounting to approximately $467K. Since that time, Plaintiff has supplemented their Expert's Estimate and Valuation of Damages. Plaintiff has supplemented plumbing access costs. Plaintiff has provided third-party repair flooring costs for flooring specialists in Stuart, Florida; but such estimates are outdated and do not reflect present day product-shortage and inflations costs. Discovery is ongoing and Plaintiff reserves their right to supplement this response based upon further information received from any CS entities, future third-party floor repair entities, supplement of anticipated Facility expenses related to specialized clinical requirements during repairs, and otherwise as provided by the Trial Order in this matter. (DE 49 at 25) |
| | <u>2nd Amended</u>: Plaintiff is relying upon Mr. Shemesh and Mr. Donigan to make any and all repairs to the Property through third parties or otherwise. (DE 49 at 40) |

Again, E.S. LLC has only partially answered Interrogatory No. 8 with the specific information Zurich seeks.  E.S. LLC acknowledges in its First Amended Answer that supplements exist to the $467K Figure but provides no specific listing of the author(s) of the supplementary estimates, the date of each estimate, and the amount of each estimate.

Regarding Interrogatory No. 9, Zurich asks E.S. LLC how much it seeks to recover from Zurich, broken down by category.  Interrogatory No. 9 and E.S. LLC's answers are shown below:

| **Interrogatory No. 9** | **Answer** |
|---|---|
| Describe, by category, the amount of damages (or Policy benefits) you seek to recover under the Policy.  If no specific amount is claimed, please provide an | <u>Original</u>.  Plaintiff defers to their legal counsel for all Policy interpretation, and otherwise has no other specialized knowledge or training in which to respond to this request.  (DE 49 at 11). |

| | |
|---|---|
| approximation and explain why a specific amount has not been calculated. (DE 49 at 11, 26, 40). | |
| | 1st Amended: See Response to Interrogatory No. 8. (DE 49 at 26) |
| | 2nd Amended: See Response to Interrogatory No. 8. (DE 49 at 40) |

Like the response to Interrogatory No. 8, E.S. LLC fails to answer Interrogatory No. 9 with the specific information Zurich seeks. E.S. LLC should be able to quantify and list, by meaningful category, the amount it seeks to have Zurich pay given the loss it alleges Zurich is responsible for covering. If a categorical breakdown of the $467K Figure is available in some other document that has been produced in discovery, E.S. LLC should specify that document by bates number so Zurich knows exactly where to find it. E.S. LLC must also provide a breakdown by category of any supplemental estimates.

As to Interrogatory No. 12, Zurich seeks information about any repairs to damaged property and whether such repairs have been completed. If E.S. LLC has made repairs, Zurich seeks specific information about such repairs, including a description of the repairs done, who did the repairs, and the cost of the repairs. Interrogatory No. 12 and E.S. LLC's answers are shown below:

| **Interrogatory No. 12** | **Answer** |
|---|---|
| Please state whether repairs of all the damaged property have been completed and describe the repairs done, by whom, and the amount. (DE 49 at 11, 26, 40-41). | Original. Plaintiff has already provided documents within their control to Defendant. Defendant has already issued Subpoenas for documentation related to those third parties in which they seek additional information based upon Plaintiff's initial disclosure. Plaintiff reserves their right to supplement this response in accordance with the above General Objections. (DE 49 at 11). |

|  | 1st Amended: See Defendant's Documents No: 3.[4] See Response to Request for Production Nos: 3, 2(a), 2(c).[5] See Response to Interrogatory No: 3.[6] (DE 49 at 26). |
|---|---|
|  | 2nd Amended: Plaintiff is aware that temporary repairs have been completed. (DE 49 at 41). |

E.S. LLC's answers completely fails to describe the repairs done, who did the repairs, and the cost of the repairs. E.S. LLC cannot avoid its obligation to answer by reference to Defendant's issuance of subpoenas to third parties. E.S. LLC also cannot avoid answering by vaguely referring to depositions of its employees. Instead, E.S. LLC must "furnish the information available" to it. Fed. R. Civ. P. 33(b)(1)(B). To the extent the answers are provided for by E.S. LLC's business records, E.S. LLC must specify "the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Fed. R.Civ. P. (d)(1). E.S. LLC has failed to meet these obligations.

E.S. LLC's argument that its corporate representative, Mr. Strohli, cannot provide the requested information because it is information not personally known to him given his high-level status at the organization is unavailing. DE 50 at 1, 5; DE 50-1. Fed. R. Civ. P. 33 specifically instructs that "[t]he interrogatories must be answered" by an officer or agent of the organization who "must furnish the information available to" the organization. Thus, Mr. Strohli cannot hide behind his high position as "99% majority owner and managing member of E.S. LLC," which

---

[4] By referring to "Defendant's Documents No: 3," E.S. LLC refers to its own previous statement that "Defendant has received extensive documentation from non-party Stuart Plumbing who provided all services to the Facility from Mr. Barata's appointment to present date, including those at issue in the above-captioned matter. Such documentation included hundreds of pages of emails, estimates, invoices and paid invoices." DE 49 at 30.

[5] Defendant's Requests for Production ("RFPs") Nos. 3, 2(a), and (c) seek records relating to repairs made to, or planned for, the Facility over the past 7 years. DE 49 at 31-33.

[6] In responding to Interrogatory No. 12, rather than answer the question, E.S. refers to the deposition testimony of E.S.'s Facilities Director regarding the (a) original flooring of the building, (b) condition of the flooring currently and previously, and (c) building materials known. E.S. LLC says the "finalized transcript" of that testimony is incorporated "herein upon availability, and completion by Defendant's transcriber." DE 49 at 24.

counsel characterizes as a chief executive officer position, to claim ignorance of the most basic details of a case being brought by his company. DE 50 a ¶¶3, 10. As corporate designee, he is required to answer *for the company*. He "need not have first-hand knowledge of the information being provided," but "must provide the composite knowledge available[.]". FEDERAL CIVIL RULES HANDBOOK, Rule 33 (2022) at 900. He must gather and provide all information within the organization's possession, custody, or control, or known by any its agents. *Id.* at 899. If E.S. LLC has no such information within its possession, custody, or control, its answer may so state. Given this party's *repeated* failure to answer the interrogatories fully despite multiple opportunities to do so, however, E.S. LLC must describe efforts taken to locate responsive information if it claims it does not have the requested information. Indeed, it is unclear how E.S. LLC would not have the basic information requested about dates, repairs, estimates, and costs relating to its own lawsuit. Having now explained to E.S. LLC the basic requirements of Rule 33, I will give E.S. LLC one last opportunity to amend its answers to provide the information requested. If E.S. LLC fails to do so, I will recommend to the District Judge that further proceedings in this matter be stayed until the interrogatories are fully answered, or that the case be dismissed.[7]

**B. Sanctions**

Under Federal Rule of Civil Procedure 37, a party seeking discovery is entitled to its reasonable expenses in making a motion if the Court grants the motion and the opposing party's nondisclosure lacked substantial justification, absent other circumstances making an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). Evasive, or incomplete, answers are "treated as a

---

[7] In its Reply, which included a requirement for conferral by Court order (DE 56), Zurich asks me to recommend dismissal of this action because E.S. LLC "admit[s] that it cannot provide better responses as it does not have knowledge of the allegations raised in its Amended Complaint." (DE 58 at 3-4). Because "reply memorandum [are to] be strictly limited to rebuttal of matters raised in the memorandum in opposition," the additional sanction of dismissal that Zurich seeks in its Reply will not be considered at this time. S.D. Fla. L.R. 7.1(c)(1). If E.S. LLC fails to comply fully and completely with this Order, however, I will revisit Zurich's arguments and make an appropriate recommendation to the District Court on the matter of sanctions at that time.

failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).  A party responding to discovery that is the subject of a motion to compel is "'substantially justified' so long as 'there is a genuine dispute, or if reasonable people could differ as to [the contested action]." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1313–14 (11th Cir. 2011) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

Here, as discussed above, E.S. LLC's answers are insufficient, and I do not find that E.S. LLC is substantially justified in providing such insufficient answers.  E.S. LLC's argument that its corporate designee Mr. Strohli is too high up in the company to have personal knowledge of the facts needed to answer the questions plainly fails in light of Rule 33's clear language.  In addition, no other circumstances apply that will make an award of expenses unjust.  I therefor find that Zurich is entitled to recover its fees in bringing the Motion to Compel.  *See, e.g., Bernstein v. Town of Jupiter*, No. 21-81215-CV, 2021 WL 6135270, at *6 (S.D. Fla. Nov. 23, 2021) (Middlebrooks, J.) (finding attorney's fees and costs appropriate to award against plaintiff who failed to sufficiently answer interrogatories pertaining to "factual contentions underlying [the] claim").

**ACCORDINGLY**, Zurich's Motion to Compel (DE 49) is **GRANTED IN PART AND DENIED IN PART** as follows:

1. The Motion to Compel is **DENIED** to the extent that Zurich asks E.S. LLC in Interrogatory No. 1 to identify the specific insurance policy provisions breached;

2. The Motion to Compel is otherwise **GRANTED**, and E.S. LLC shall provide amended answers consistent with this Order **by Thursday, July 14, 2022**;

3. Zurich shall file an appropriate motion for *reasonable* attorney's fees and costs addressing the reasonable attorney time incurred, the reasonable hourly rate, and any

specific costs or expenses incurred for bringing the instant Motion to Compel by **Friday, July 15, 2022** ("Fees Motion"). Zurich may support the hours incurred and its billing rate(s) by an Affidavit or Declaration. Should E.S. LLC have a good faith basis to oppose the amount of attorney's fees and costs claimed by Zurich, then E.S. LLC shall file a response ("Response") within 14 days of Zurich's filing of the Fees Motion. Zurich may then file a reply within 7 days following E.S. LLC's Response. I will thereafter determine the amount of the award to be paid by E.S. LLC to Zurich and issue a further order thereon.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 11th day of July 2022.

_____
SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE