UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-14489-CIV-MARTINEZ/MAYNARD

**E.S. LLC**,

    Plaintiff,

v.

**ZURICH AMERICAN INSURANCE COMPANY**,

    Defendant**.**
_____/

## ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DATED JULY 11, 2022 ("MOTION TO RECONSIDER") (DE 71)

**THIS CAUSE** is before me upon the above referenced Motion to Reconsider filed on July 21, 2022.  Defendant Zurich American Insurance Company ("Zurich") filed a late Response on July 28, 2022.[1]  DE 74.  Having reviewed the Motion to Reconsider, the Response, and the record in this case, and being otherwise duly advised, the Motion to Reconsider is **DENIED** as detailed herein.

This case arises from Plaintiff E.S. LLC's allegation that Zurich breached an insurance contract pertaining to E.S. LLC's Port St. Lucie Rehabilitation Center ("Facility").  DE 19; DE 49 at 22, ¶1.  Specifically, E.S. LLC contends that, on or about November 25, 2020, it suffered covered losses and damages caused by water discharge from a broken drain, and Zurich failed to make payment for its losses.

The underlying discovery dispute at issue in Plaintiff's Motion to Reconsider involves Zurich's requests for interrogatories.  Zurich propounded its First Request for Interrogatories on

---

[1] As the parties are aware due to their previous motion practice before me, the Discovery Procedures Order entered in this case directs that responses are to be filed within five days.  DE 8.  I decline to find, as Zurich requests in the late-filed Response, that Zurich is entitled to fees incurred in responding.

E.S. LLC on February 14, 2022, with responses due on March 16, 2022.  DE 49 at ¶2.  Zurich then extended the deadline for responses at the request of E.S. LLC.  *Id.* at ¶3.  On March 23, 2022, E.S. LLC served answers to the interrogatories ("Original Answers").  DE 49 at 6-13.  The Original Answers were verified by Mr. Eli Strohli on behalf of E.S. LLC.  *Id.* at 13.  Because the Original Answers were incomplete, Zurich filed a motion to compel (DE 33), which I granted on May 3, 2022, ordering E.S. LLC to serve amended responses by May 13, 2022.  DE 37.  E.S. LLC served unverified amended answers on May 15, 2022 ("First Amended Answers").  DE 49 at 21.

At a Discovery Status Conference held on May 31, 2022, Zurich raised concerns about the First Amended Answers.  DE 60; DE 49 at ¶7.  At that conference, I provided E.S. LLC one further opportunity to amend after which Zurich could file a motion to compel, if necessary, by June 10, 2022:

> THE COURT: . . . I'd like Ms. Betz to look over her responses in the amended response and I will give her until Monday, June 6th, to supplement the response in any way needed now that she knows my requirements when it comes to the objections.  Then I will give the defendant until the 10th to file any motion to compel based on whatever supplement [Zurich] receive[s] on the 6th.  The plaintiff[ ] will have five days to respond, which puts them at the 17th.
>
> . . .
>
> MS. BETZ: Your Honor, forgive me if I am out of place here, but we don't have a single document from the defense counsel.  I understand what you are saying as far as the plaintiff's responses, but in all fairness, I think it is also appropriate that the defense at least produces one answer, one document before the plaintiff has to again amend their answers.  We don't have any discovery from the defendant.
>
> THE COURT: Well, you should know if your answers comply with my order.  I mean, if you think they do and you are willing to stand on what you provided and believe you have a substantial basis for the objections and they are not vague and they are sufficiently particularized, then you don't have to amend anything and they can file the motion on the amended report.  I was trying to give you the opportunity to address anything if in fact you still have generalized objections or nonparticular, unspecific objections.  But if you want to stand on the amendment that you provided, that's fine.

> MS. BETZ: OK.
>
> THE COURT: It is really for your benefit to review the response and make sure it complies with the court's order so that you don't get subject to sanctions if at the end of the day I find that it does not.
>
> MS. BETZ: Understood.

DE 60 at 19:16-21:1. On June 6, 2022, E.S. LLC filed an unopposed request for a one-day extension to amend its responses to Zurich's discovery requests,[2] which I granted. DE 46; DE 48. E.S. LLC served its responses to the interrogatories ("Second Amended Answers"), on June 9, 2022, which responses were verified by Mr. Strohli. DE 49 at 37-42.

On June 10, 2022, Zurich filed its Second Motion to Compel arguing that E.S. LLC's Second Amended Answers were still inadequate. DE 49. Zurich limited the Second Motion to Compel to four interrogatories: numbers 1, 8, 9, and 12. *Id.* at 1. Zurich contended that proper responses to these interrogatories were essential to supporting E.S. LLC's claim for breach of contract and the specific amount that E.S. LLC alleged Zurich owed in damages. *Id.* at 4 (citing *Porto Venezia Condo. Ass'n, Inc. v. WP Fort Lauderdale, LLC*, No. 11-60665-CIV, 2012 WL 7635868 (S.D. Fla. Aug. 13, 2012) ("Basic information pertaining to damage calculations is relevant and is information that [a plaintiff] should be able to provide.")). In its Motion to Compel, Zurich sought an order requiring E.S. LLC to provide proper answers. DE 49 at 4.

On June 12, 2022, E.S. LLC responded to the Second Motion to Compel by arguing that its majority owner, Mr. Strohli, who answered the interrogatories at issue on behalf of E.S. LLC, is a chief executive officer who lacked personal knowledge with which to provide the answers Zurich sought. DE 50 at 4-5. E.S. LLC also argued, among other things, that because Mr. Strohli

---

[2] In the motion, counsel for E.S. represented that she had advised the Court at the Discovery Status Conference that the due date set for amending the response, June 6, 2022, was a Jewish holiday. DE 46. In granting E.S.'s motion for extension, I noted that counsel had not advised that the response deadline was a holiday. DE 48. A review of the transcript confirms there were no statements at the hearing regarding any conflicting holiday. DE 60.

"lacks firsthand knowledge," Zurich's Motion to Compel constituted harassment of Mr. Strohli. *Id.* at 5.

On June 17, 2022, I entered an order noting that, although Zurich filed its Second Motion to Compel pursuant to Court Order, it had not conferred prior to filing it. DE 56. I also noted that E.S. LLC's Response had violated my Discovery Procedures Order limiting responses to five pages. *Id.* Even so, given that the discovery deadline was soon approaching at that point in time, I ordered Zurich to confer with E.S. LLC on the remaining interrogatory disputes and file a Reply, by June 23, 2022, identifying those disputes that remained. *Id.* On June 23, 2022, Zurich filed its Reply indicating that "E.S.'s counsel stated that there would be no changes or additions to the Second Amended Responses." DE 58 at 1.

In my Order, which granted the Second Motion to Compel in substantial part, I found that E.S. LLC failed to fulfill its duty to have its corporate representative, Mr. Strohli, respond fully to the subject interrogatories based upon "information available to the party." DE 62 at 5 (citing Fed. R. Civ. P. 33(b)(1)(B)). I also found that the Original Answers (DE 49 at 6-13), the First Amended Answers (DE 49 at 21-27), and the Second Amended Answers (DE 49 at 37-42) were insufficient. *Id.* at 5-6. Further, I found that E.S. LLC was not substantially justified in providing insufficient answers—three times—and determined that no other circumstances applied to make an award of expenses unjust under Fed. R. Civ. P. 37. *Id.* at 11-12. Therefore, I concluded that Zurich was entitled to reasonable attorney's fees and costs for bringing the Second Motion to Compel and ordered Zurich to file an appropriate motion for same. *Id.* at 12-13.

E.S. LLC now moves for reconsideration of the Order finding that Zurich was entitled to its reasonable fees and costs in making its Second Motion to Compel. DE 71. The Motion to Reconsider rests primarily on the fact that Zurich did not confer with E.S. LLC prior to filing its

Second Motion to Compel although counsel for E.S. LLC also bemoans the actions and sudden departure of Ms. Betz,[3] which current counsel was left to handle. DE 71 at 1-2. Although the sudden departure of Ms. Betz was unfortunate and undoubtedly burdened current counsel for E.S. LLC, I do not find that such departure makes an award of expenses unjust. Current counsel, Joseph Benjamin Goldglantz, Esq., has been counsel of record from the beginning of this case.[4] The record also indicates that the issues pertaining to the interrogatories that were the subject of the Second Motion to Compel were fully addressed before Ms. Betz's departure. As such, Ms. Betz's departure does not provide cause for concluding that E.S. LLC's insufficient answers were substantially justified or that an award of expenses is otherwise unjust. Even Zurich's lack of conferral before filing its Second Motion to Compel is not a basis for declining to award expenses under the circumstances present here. As detailed above, E.S. LLC was provided multiple opportunities to provide complete answers and did not—even when provided a further opportunity to amend following Zurich's filing of the Second Motion to Compel. Indeed, E.S. LLC chose to stand on insufficient answers—following two previous rounds of insufficient answers—after Zurich filed the Second Motion to Compel, and Zurich was ordered to confer with E.S. LLC. As counsel states, "neither [current counsel], nor the Plaintiff, can skirt around responsibility for Ms. Betz's actions as a result of her sudden departure." DE 71 at 2. Thus, E.S. LLC's arguments that the sanctions ordered here are unwarranted lack merit.

**ACCORDINGLY**, E.S. LLC's Motion to Reconsider (DE 71) is **DENIED**.

---

[3] Ms. Betz filed an unopposed motion to withdraw, on July 6, 2022, indicating that she "was no longer affiliated with Gold Litigation, P.C. as of June 23, 2022." DE 59 at 1.

[4] Attorney Goldglantz entered a notice of appearance on December 31, 2021, replacing Attorney Betz as counsel of record. DE 12. Although Attorney Betz later entered an appearance on January 19, 2022 (DE 25), Attorney Goldglantz remained as counsel of record as did his firm, Gold Litigation PA.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 29th day of July 2022.

_____
SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE